**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JULIO E. SIRIAS, § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No. 3:04-CR-0027-R |
| § | (No. 3:05-CV-0246-R) |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case: This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    Parties: Julio E. Sirias ("Sirias" or "Movant") is a federal prisoner currently confined at the Cornell Correction Center, Airpark Unit in Big Spring, Texas. Respondent is the United States of America.

    Statement of the Case: Sirias plead guilty to a violation of 18 U.S.C. § 1344, bank fraud, on May 18, 2004. On November 22, 2004 he was sentenced to 13 months in the penitentiary, three years of supervised release, and restitution in the amount of $102, 207.50. Movant did not appeal.

    Sirias filed the instant habeas petition on February 2, 2005. The United States filed a response on April 11, 2005. Movant filed a reply on May 12, 2005.

    Findings and Conclusions: Sirias first contends that he was subject to ineffective

1

assistance of counsel. Specifically, he alleges that his counsel failed to investigate his case and that such investigation would have revealed that Movant did not have the proper *mens rea* for an element of the offence, that counsel failed to tell Sirias that an element of the offense was lacking, and failed to object to inaccuracies in the presentence report. To successfully state a claim of ineffective assistance of counsel Movant must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). The *Strickland* test applies when a movant alleges he was denied effective assistance of counsel in the context of a guilty plea, *Hill v. Lockhart*, 474 U.S. 52, 57- 58, 106 S.Ct. 366 (1985), and "in a guilty plea scenario, a [movant] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994).

Sirius admitted under oath in open court that he had committed each of the essential elements of bank fraud. (Tr. of Plea of Guilty at 14). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29 (1977). Movant offers a transcript of an interview of himself by agents of the Federal Bureau of Investigation as proof that he lacked sufficient *mens rea* on the second element of the offense. (Motion to Vacate or Reduce Sentence Pursuant to Title 28 U.S.C. § 2255 and Mem. of Law in Support Exh. 3). However, this transcript plainly shows that Sirius had the *mens rea* to defraud the victim bank. (*Id.*). Therefore, Movant can show neither deficient performance or prejudice with respect to his assertions that counsel should have discovered that he lacked the *mens rea* to commit the crime and that counsel should have informed him that the prosecution would be unable to prove an

2

element of its case.[1]

With regard to Sirius's claims vis-á-vis his presentence report, Movant fails to set out what errors he contends existed in the report. His conclusory allegations are insufficient to form a basis on which relief could be granted. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Movant also contends that he is "legally innocent"[2] of the crime and his plea should therefore be revoked. "[T]o state a substantial actual-innocence claim, the habeas [movant] must allege or point to facts which, if proven, would demonstrate that a constitutional violation probably resulted in the conviction of a person who is actually innocent." *United States v. Torres*, 163 F.3d 909, 914 (5th Cir. 1999). A bare claim of innocence, without a supporting constitutional violation, is not cognizable on habeas review. *See, e.g.*, *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir.1999), *cert. denied* 529 U.S. 1097, 120 S.Ct. 183 (2000). As Sirius has failed to demonstrate any constitutional violations, his claim of innocence is not cognizable on habeas review.

RECOMMENDATION:

Movant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255. It is

---

[1]In his reply, Movant asserts that his interview with the FBI was conducted with the assurance that nothing he said at the interview would be used against him in a later prosecution and that his counsel erred in believing that the document was admissible. Assuming *arguendo* that the document was inadmissible, Sirias has failed to show any prejudice, as he in fact in his original brief used the transcript of the interview as support for his innocence.

[2]It appears from the gist of his motion that he is asserting that he is "actually innocent," rather than "legally innocent," and this court therefore reads his complaint thusly. A claim of legal innocence would be equally unavailing, as the miscarriage of justice exception for successive habeas petitions requires actual, rather than legal innocence. *Goodwin v. Johnson*, 224 F.3d 450, 461 (5th Cir. 2000).

therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and to counsel for Respondent.

**SIGNED** this 8th day of June, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.